ZARA JOHNSON, ALIAS WALTER, ETC., v. THE STATE.

No. 1520. Decided January 24, 1912.

**1.—Theft of Horse—Jury and Jury Law—Practice.**

Where the ground of objection, as to the eligibility of the juror was not verified, the same could not be considered on appeal.

**2.—Same—Plea of Not Guilty.**

Where the judgment recites that the defendant pleaded not guilty, and there is nothing to the contrary in the record, there is no error.

Appeal from the Criminal District Court of Dallas.    Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of theft of ˙a horse; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of horse theft, from which judgment the appeal is prosecuted.

The first ground of the motion for a new trial is to the effect that Middleton was permitted, over appellant's objection, to remain on the jury and act as foreman˙ of the jury after he had disclosed the fact that he'was a member of the grand jury that presented and found the bill of indictment, said Middleton having testified on the voir dire examination that he had never heard of this case or any of the facts connected with it.    This is simply stated as a ground of the motion for new trial, and is not verified in any manner so that it can be considered.

The second ground of the motion for new trial is thus stated: Because no plea of not guilty was made or entered by the defendant herein, nor by anyone for him, neither did he decline or refuse to enter such plea.    This is in no way verified.    The judgment recites that the defendant pleaded not guilty.    As this matter is presented it can not be considered, especially in view of the fact that the recital of the judgment shows the contrary.

The judgment is affirmed.

*Affirmed.*