*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

---

Guy Mitchell v. The State.

No. 13300.   Delivered April 30, 1930.
Reported in 27 S. W. (2d) 800.

The opinion states the case.

*J. F. Mangum* and *Adams & Adams,* all of Crockett, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment confinement in the penitentiary for two years.

The injured party had moved from the place he had occupied as a residence to the home of his son. He left some old lamps, a small table and other articles in his residence. He testified that he closed and nailed the windows and that the doors were closed when he moved away. Later he missed the table and some other articles. They were of small value. His testimony tended to show that the house had been entered by force. The lost articles were found in appellant's possession about five or six months after the alleged burglary. Appellant, who is a negro, denied that he had entered the house and taken the property and declared that he had bought it from a named white man. There was testimony on the part of witnesses who appeared to have been disinterested that the house was open most of the time after the injured party had moved away from it.

Bill of exception No. 2 presents the following occurrence: In questioning the jurors on their voir dire examination, one of the panel stated to appellant's counsel that he believed he had been a member of the grand jury which returned the indictment against appellant. Upon examining the list composing the grand jury, it was found that the juror's name did not appear thereon. This seems to have been the extent of the court's investigation. On the statement of the juror that he thought he had been a member of the grand jury, appellant challenged him for cause. The challenge was overruled, and appellant was forced to take the juror. It developed later that the juror had been on the grand jury that returned the bill of indictment. The state admitted such fact. The motion for new trial was predicated in part upon the refusal of the trial court to sustain appellant's challenge to the juror.

We are of the opinion that a new trial should have been granted. Art. 616, C. C. P., in part, provides:

"A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury."

One of the causes set forth in the statute for which a juror may be challenged is that he served on the grand jury which found the indictment. Subdivision 8 of Art. 616, supra. Appellant did all within his power to prevent the juror from serving on his case. He followed the procedure set forth in the statute. He was diligent

in discovering the cause upon which he based his challenge. A different question would be presented had appellant failed to diligently press the statutory inquiries as to the ground for challenge, it being the announcement of the decisions that, ordinarily, in the absence of any fraudulent purpose upon the part of the juror, or any injury to the accused, the failure to question the juror touching service upon the grand jury that returned the indictment, constitutes a waiver of the right to thereafter complain. DeShazo v. State, 284 S. W. 561; Self v. State, 47 S. W. 26; Franklin v. State, 2 Tex. C. R. 8; Bryan v. State, 139 S. W. 981; Johnson v. State, 143 S. W. 626. The correct rule is stated in Corpus Juris, volume 35, page 326. We quote as follows:

"Service on the grand jury does not, however, render the discharge of the juror a necessity; it merely raises a question of implied bias, which accused may challenge or waive."

Among the cases cited in support of the text we find Bryan v. State, 63 Tex. Cr. R. 200, 139 S. W. 981. The question of implied bias of the juror arising from service on the grand jury that returned the indictment, was timely and properly raised by appellant. He did not waive the question, but exercised his statutory right of interposing a challenge for cause. We are constrained to hold that reversible error is presented.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.