LAREN McLAIN v. THE STATE.

No. 13405. Delivered February 11, 1931.

The opinion states the case.

*Sturgeon & Birmingham,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for three years.

Appellant pleaded guilty. He developed the fact that Cap Henderson had, at the last term of the court, been convicted in a companion case and his punishment assessed at five years confinement in the penitentiary.

Bill of exception No. 1 sets forth appellant's motion for a new trial. The bill also contains the testimony heard upon the trial of a companion case against Cap Henderson. This testimony is substantially the same, as far as the State's case is concerned, as that found in the record in the present case. It is averred in the motion for new trial that the juror J. W. Buster sat as a juror in the companion case; that appellant and his counsel had no knowledge that said juror had theretofore sat in the trial of the case of Cap Henderson; that the juror was asked upon his voir dire examination if he had any opinion as to the guilt or innocence of appellant, and if there was anything that would prevent him from fairly and impartially passing upon the question as to whether he should receive a suspended sentence. The juror was not asked if he had served in the companion case. The motion for new trial was sworn to. It is appellant's contention that the juror was absolutely disqualified, and that he (appellant) should not be charged with lack of diligence in failing to question the juror touching his service in the companion case, inasmuch as he and his counsel were not aware that he had previously sat as a juror

in said case. The juror was not disqualified, although subject to be challenged for cause. A different question would be presented had appellant not failed to diligently press the statutory inquiries as to the ground for challenge. It is the rule that ordinarily in the absence of any fraudulent purpose on the part of the juror, or any injury to the accused, the failure to question a juror touching service upon a companion case constitutes a waiver of the right to thereafter complain. Mitchell v. State, 116 Texas Crim. Rep., 65, 27 S. W. (2d) 800; DeShazo v. State, 104 Texas Crim. Rep., 511, 284 S. W., 561. The motion for new trial was a mere pleading. We quote from DeShazo v. State, supra, as follows:

"Without intimating that it is true of this case, suppose the attorneys for the accused at his former trial should learn that one of the jurors who sat in said former trial had had a change of heart, and, upon his being offered as a talesman in the succeeding trial, should conclude that they would take him and say nothing about his former service. We do not think that it would be contended but that they might not do this if they desired. We would hardly think it likely in any case that the attorneys for a man charged with crime would want to challenge a juror in advance if they knew he was for acquittal. The record in this case shows that part, if not all, of the same attorneys who represented appellant on this trial were defending him on the former trial. Appellant himself testified that he did not remember Mr. Ballard as one of his former jurors. The record does not show any question to the juror on his voir dire as to his former service. The clerk's office contained a list of the jurors who served on the former trial. Appellant's attorneys not having asked any question of the juror, and nothing appearing in the record to indicate any fraudulent purpose on the part of said juror, or any injury to appellant, we hold that the objection, if any, was waived."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.