IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00311-CV

 

Tom Matis and Gary Sorenson,

                                                                      Appellants

 v.

 

Mark Golden, Brian Kosoglow,

and Jonathan Deming,

                                                                      Appellees

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 02-002559-CV-361

 



ORDER



 








            Following a bench trial, the court
found in Appellees’ favor on their fraud claim and rendered judgment against
Appellants in the amount of $75,000 for actual damages, plus attorney’s fees
and costs.  The court signed the
judgment on May 12, 2005.  Appellants timely perfected this appeal.  The
district clerk filed the clerk’s record on October 21, 2005.  To date, no
reporter’s record has been filed.

          Because Appellants filed a motion for
new trial, the reporter’s record was originally due on September 9, 2005.  The
Clerk of this Court notified the official court reporter, Susan Rainwater, that
the record was overdue by letter dated September 29, 2005.  This letter
directed Rainwater to contact the Clerk regarding the matter within 10 days.  Rainwater
responded by requesting a 45-day extension, which was granted.  

          A second notice was sent to Rainwater
on January 6, 2006, directing her to file the record within 30 days.  After
this deadline passed without a response, a follow-up notice was sent on
February 10 directing Rainwater to contact the Clerk regarding the matter
within 10 days.  Rainwater responded 4 days later, requesting a 15-day
extension.  This extension was granted, making the reporter’s record due on
March 1.

          After the March 1 deadline passed
without a response, a follow-up notice was sent on March 14 directing Rainwater
to contact the Clerk regarding the matter within 10 days.  The Clerk has left 3
telephone messages with Rainwater during the month of April.[1] 
Rainwater has not responded to the March 14 notice or the Clerk’s telephone
messages.

          Accordingly, we ORDER court
reporter Susan Rainwater to file the reporter’s record for cause number 02-002559-CV-361
in the 361st District Court of Brazos County, Texas with the Clerk of the Tenth
Court of Appeals, McLennan County Courthouse, 501 Washington Avenue, Room 415,
Waco, Texas  76701, on or before May 17, 2006.  See McElwee v. Joham,
971 S.W.2d 198, 198 (Tex. App.—Waco 1998, order), disp. on merits, 15
S.W.3d 557 (Tex. App.—Waco 2000, no pet.).

 

 

FAILURE
OF SUSAN RAINWATER TO FILE THE REPORTER’S RECORD ON OR BEFORE MAY 17, 2006 MAY
RESULT IN THE ISSUANCE OF A SHOW CAUSE ORDER AND/OR JUDGMENT OF CONTEMPT.

 

          The Court ORDERS that this
Order be personally served on Susan Rainwater by overnight delivery via a
commercial delivery service within the meaning of Rule of Appellate Procedure
9.5(b).  See Tex. R. App. P.
9.5(b).

                                                                             PER
CURIAM

Before Chief Justice
Gray,

          Justice Vance,
and

          Justice Reyna

          (Chief
Justice Gray dissenting with note)*

Order issued and filed May
5, 2006

Do not publish

*        (“Dissenting
note: Chief Justice Gray dissents from the issuance of this order because this
Court has failed to comply with its joint responsibility to work with the trial
court to ensure that the appellate record is timely filed.  As is evident from
the recitation of the history of our attempts to obtain the record, the trial
court may be totally unaware of the reporter’s need to prepare this record. 
The trial court is in the best position to encourage and ensure the timely
preparation and filing of the reporter’s record.”)









[1]
              Counsel for Appellants notes
in correspondence dated April 14, 2006 that he has sent 4 letters to Rainwater
during the course of the appeal asking her to prepare the record and to notify
him of the cost.  Counsel states in the letter that “[a] long time ago I did
talk with Ms. Rainwater on the phone and she told me that she would complete
her record and get it to me along with her bill for services rendered.”  Apparently,
counsel has not heard from her since.








alatino'>(2)  
That the juror has been
convicted of misdemeanor theft or a felony;

(3)  
That the juror is under
indictment or other legal accusation for misdemeanor theft or a felony; 

(4)  
That the juror is insane; 

… 

(7)  That the juror served on the
grand jury which found the indictment; 

…

No juror shall be impaneled when it appears that
the juror is subject to the second, third or fourth grounds of challenge for
cause set forth above, although both parties may consent.  All other grounds
for challenge may be waived by the party or parties in whose favor such grounds
of challenge exist.

 

Id. § 35.16(a).

 

We review a trial court’s denial of a motion for
mistrial for an abuse of discretion.  See Hawkins v. State, 135 S.W.3d
72, 76-77 (Tex. Crim. App. 2004).  A mistrial is appropriate only for highly
prejudicial and incurable errors.  Simpson v. State, 119 S.W.3d 262, 272
(Tex. Crim. App. 2003).

The Code of Criminal Procedure makes it a ground
of challenge for cause that a panelist "served on the grand jury which
found the indictment."  Tex. Code
Crim. Proc. Ann. art. 35.16(a)(7).  It is error for a trial court to
overrule a challenge for cause to a panelist who was a member of the grand jury
that returned the indictment being tried.  Wolfe v. State, 147 Tex. Crim. 62, 178 S.W.2d 274, 279 (Tex. Crim. App. 1944); Mitchell v. State, 116 Tex. Crim. 65, 27 S.W.2d 800, 800-01 (Tex. Crim. App. 1930).  But a claim that a juror
served on the indicting grand jury is a ground for a challenge for cause, not
an absolute disqualification.  Tex. Code
Crim. Proc. Ann. art. 35.16(a); Webb v. State, 232 S.W.3d 109, 113
(Tex. Crim. App. 2007); see, e.g., Freeman v. State, 168 S.W.3d
888, 891 (Tex. App.—Eastland 2005, no pet.); Moya v. State, 691 S.W.2d
63, 65 (Tex. App.—San Antonio 1985, no pet.) (service on grand jury that
returned indictment is ground of challenge that may be waived pursuant to
article 35.16(a)); see also Self v. State, 39 Tex. Crim. 455, 47
S.W. 26, 28 (Tex. Crim. App. 1898).  The failure to question a juror about
whether the juror was a member of the grand jury that returned the indictment
constitutes a waiver of the right to thereafter complain that the juror was
disqualified on that basis.  Mitchell, 27 S.W.2d at 800.

In Self, the Court of Criminal Appeals held
that questioning of a juror as to whether or not he had formed an opinion in
the case did not recall to him the fact that he had sat upon the grand jury
which found the bill of indictment.  Self, 47 S.W. at 28.  “It was not
diligence on the part of appellant to rest simply upon questioning the witness
as to the formation of an opinion; but he should have covered the other grounds
named in the statute, if he desired to avail himself of them, before he
could be held to have used due diligence as to the particular cause for
challenge [the juror's prior service on the grand jury].”  Id. 
Therefore, the claim is waived unless the defendant specifically questioned the
juror on potential grounds for disqualification and exercised the challenge in
a timely manner.  See Tex. Code
Crim. Proc. Ann. art. 35.16(a); see also 43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 35.65 (2001 & Supp. 2004).

The proposition in Self was recently
re-affirmed by the Court of Criminal Appeals in Webb.  Addressing the
exact issue before us, the court held: “challenge for cause is forfeited if not
made.  Failure to question the jurors on [whether they sat on the grand jury
which found the indictment] constitutes a forfeiture of the right to complain
thereafter.”  Webb, 232 S.W.3d at 112.  In Webb, “neither party
specifically asked the panel if they had previously served on the grand jury
that indicted Appellant.”  The court upheld the Austin Court of Appeals’ ruling
that “because neither party challenged the venirewoman the claim was waived.”  Id.

Here, Graham failed to diligently press the
statutory inquiries as to the grounds for challenge.  At no time did either counsel
inquire whether anyone had served on a grand jury—or the grand jury at issue—nor
did either question Ackland individually about any matter.  Although the State
asked the panel if anyone knew Mrs. Graham, it appears that Ackland did not
remember Mrs. Graham by name and did not recall any facts of the case until she
saw and heard Mrs. Graham on the stand, making the general question insufficient
to preserve a challenge for cause.  See Self, 47 S.W. at 28.

There is no question that Ackland could have been
excused for her prior grand jury service had she been timely challenged. 
But she was not queried or challenged.  Accordingly, the trial court did not
abuse its discretion in denying Graham’s motion for mistrial because the challenge
had been waived.  Webb, 232 S.W.3d at 112; Hawkins, 135 S.W.3d at
76-77.  We overrule Graham’s only issue and affirm the trial court’s judgment.

 

 

BILL VANCE

Justice

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

            (Chief
Justice Gray concurring)

Affirmed 

Opinion delivered and
filed February 27, 2008

Publish 

[CR25]