Samuel Allen WEBB, Appellant,

v.

The STATE of Texas.

No. PD–0074–06.

Court of Criminal Appeals of Texas.

June 13, 2007.

Rehearing Denied Aug. 22, 2007.

---

Stan Brown, Abilene, for Appellant.

Cheryl Nelson, Asst. District Atty., Llano, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, KEASLER, HERVEY, and COCHRAN, JJ., joined.

Appellant was convicted of sexual assault of a child. Prior to sentencing, he filed motions for mistrial and new trial, which the trial court denied. Appellant appealed, and the court of appeals affirmed the conviction. *Webb v. State*, 2005 Tex.App. LEXIS 6231, 2005 WL 1842740 (Tex.App.2005). We granted review to determine whether the court of appeals erred in holding that the trial court did not abuse its discretion by denying Appellant's motions for mistrial and new trial (1) following the discovery that a juror had served on the grand jury that indicted Appellant and (2) because of the State's failure to inform the defense of the possibility that the complaining witness would file a civil suit against Appellant. We agree with the court of appeals that it was not an abuse of discretion for the trial court to deny the motions for mistrial and new trial.

## FACTS

Appellant was the campus director of a state-licensed residential facility for

emotionally troubled children. The complainant was a resident of the facility. Although Appellant denied that he had engaged in sexual activity with the complainant, he was indicted by the grand jury on November 1, 2001. His trial began almost two years later, on August 25, 2003. During voir dire, defense counsel asked the jury panel if any of the panel members had "heard anyone discuss this case or someone say they thought they knew what the facts of the case might be?" None of the prospective jurors responded. After the jury returned a guilty verdict, but before the sentence was assessed, one of the jurors revealed that she had also served on the grand jury that indicted Appellant. Appellant filed a motion for mistrial and a motion for new trial based in part on the juror's service on both the grand jury and the trial jury.

At a hearing on the motions, the juror testified that all she remembered from the grand jury was Appellant's name and the charges that were filed. She stated that she did not remember if any testimony or written documents were presented to the grand jury. She also did not remember the panel being asked during voir dire whether any of them had ever heard the facts of the case discussed. She stated that she did not know that she could not sit on both the grand jury and the trial jury, and she had not mentioned her service on the grand jury to any of the other jurors during deliberations.

Appellant's motion for mistrial and motion for new trial also alleged that the prosecutor failed to inform him that the complainant might file a civil suit against him. At the hearing on the motions, the prosecutor testified that, prior to the trial she received a phone call from the attorney who was representing the complainant. The attorney mentioned the possibility of filing a suit against Appellant, but the prosecutor asked that the suit not be filed because it would interfere with the criminal trial. Accordingly, complainant's attorney said he would wait to file the civil suit until after Appellant's trial.

The trial court denied the motions for mistrial, finding that although the State had knowledge which probably should have been disclosed to the defense out of an abundance of caution, there was no harm in not informing the defendant of the potential that a suit would be filed. Additionally, the court found that the juror who served on both the grand jury and the trial jury had no actual facts about the case actively in her mind and no harm could have come from her service on both juries.

## COURT OF APPEALS

The trial court's decisions in denying the motions for new trial and mistrial were reviewed for abuse of discretion. In a memorandum opinion, the court of appeals overruled Appellant's grounds for review and affirmed the judgment of the trial court. Addressing the prior grand jury service by a juror, the court of appeals held that, because Appellant failed to diligently press the statutory inquiries as to the grounds for challenge, he gave up the right to complain that the juror was disqualified. And Appellant did not show that the juror was biased or prejudiced. *Webb v. State*, 2005 Tex.App. LEXIS 6231 at *17–19, 2005 WL 1842740, at *4-*6.

The court of appeals also determined that there was no evidence indicating that the State knew that a lawsuit was going to be filed by the complainant, thus the prosecutor did not deliberately withhold impeachment evidence. And, due to abundant additional impeachment evidence, the State's failure to inform the defense that the complainant was considering filing a civil suit did not preclude Appellant from

cross-examining and impeaching the complaining witness. *Id.* 2005 Tex.App. LEXIS 6231 at *25, 2005 WL 1842740, at *9.

## ANALYSIS

■ An appellate court reviews a trial court's ruling on a motion for mistrial and motion for new trial using an abuse-of-discretion standard of review. We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Wead v. State,* 129 S.W.3d 126, 129 (Tex.Crim.App.2004). We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable. Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Charles v. State,* 146 S.W.3d 204, 208 (Tex.Crim.App.2004).

## A. PRIOR GRAND JURY SERVICE BY A JUROR

Appellant argues that the juror's failure to disclose the fact that she served on the grand jury that indicted him denied him his right to a fair and impartial jury. He contends that because the juror did not respond to the general questions he asked the panel regarding knowledge of the case, he did not need to ask more specific questions to preserve his right to challenge the juror. He suggests that the court of appeals' conclusion that he did not ask sufficient questions is incorrect due to the court's reliance on *Self v. State,* 39 Tex. Crim. 455, 47 S.W. 26 (Tex.Crim.App. 1898), which he argues is misplaced be-

cause there were other factors in *Self* that made the juror's service harmless.

■ Code of Criminal Procedure Article 35.16(a)(7) says that it is a ground for a challenge for cause if a panelist served on the grand jury which returned the indictment. However, it is not an absolute disqualification. All grounds for challenge for cause may be forfeited. *See* Article 35.16(a); Article 44.46. Therefore, the challenge for cause is forfeited if not made.[1] Failure to question the jurors on that subject constitutes a forfeiture of the right to complain thereafter. Neither party specifically asked the panel if they had previously served on the grand jury that indicted Appellant. If this fact had been determined and either party had challenged the juror due to her prior service on the grand jury that indicted Appellant, she certainly should have been excused. However, neither party challenged this venirewoman.

In *Mitchell v. State,* 116 Tex.Crim. 65, 27 S.W.2d 800 (Tex.Crim.App.1930), one of the prospective jurors stated during voir dire that he thought he had been on the grand jury that indicted the appellant. Appellant challenged the venireman, but the court overruled the challenge because the venireman's name was not on the list of grand jurors. The court later determined that the venireman had served on the grand jury and thus the challenge for cause should have been granted. We stated that the appellant's counsel was diligent in discovering the cause upon which he based his challenge, he followed the procedure set forth in the statute, and did everything within his power to prevent the venireman from serving on the jury. *Id.*

---

1. While the court of appeals opinion, as well as many of the past cases cited say that a challenge for cause is *waived* if not used, it is more accurate to say that the right is *forfeited* by failure to request the challenge. *See Marin*

*v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993). A challenge for cause due to prior grand jury service is not in the category of rights that must be expressly waived.

at 66, 27 S.W.2d 800. We also stated that a different question would be presented had the appellant failed to diligently press the statutory inquiries as to the ground for challenge, because ordinarily, in the absence of any fraudulent purpose upon the part of the juror, or any injury to the defendant, the failure to question the venire regarding service on the grand jury that returned the indictment constitutes a forfeiture of the right to thereafter complain. *Id.* at 67, 27 S.W.2d 800. Therefore, it is not required that a juror who served on the grand jury be discharged. Prior service on the grand jury raises a question of implied bias, which may be challenged or forfeited. *Id.* In *Mitchell*, the defense timely and properly raised the question of implied bias of the juror arising from service on the grand jury that returned the indictment; he did not forfeit the question, but exercised his statutory right by challenging the venireman. *Id.* In contrast, Appellant did not ask specific enough questions to determine whether anyone on the panel had served on the grand jury that indicted him and he did not challenge the venirewoman. Therefore, he forfeited the right to complain that the juror should have been excused.

■ Appellant argues that the better view is that when there is no response to the general question about familiarity about the case, then there is no need to ask more specific questions in order to preserve the error. We disagree. It is incumbent upon counsel to specifically ask questions which will determine whether they have a right to challenge the veniremember. The jury panel does not know the statutory challenges for cause and thus the prospective jurors likely do not know what the parties are trying to determine during voir dire. It is counsel's responsibility to ask questions specific enough to elicit the answers they require.

This is the issue we dealt with in *Self v. State.* We stated in *Self* that a juror who served on the grand jury is not necessarily disqualified as a juror, but, as provided by statute, it is a cause for challenge, of which a defendant may or may not avail himself. at 459, 47 S.W. 26. Similar to Appellant, the appellant in *Self* insisted that he used due diligence to discover the prior service during voir dire by asking the prospective juror if he had formed an opinion in the case. Since the juror replied that he had not, the appellant did not inquire any further, because, based on this answer, he assumed that he did not sit on the grand jury. We stated that the question presented was one of diligence in discovering the cause of challenge and determined that if the appellant failed in the exercise of this diligence, then he could not complain that the juror had not been excused. *Id.*

The statute makes sitting on a grand jury a cause for challenge due to the fear that a person who served on the grand jury which returned the indictment may have formed an opinion in the case that was adverse to the appellant. But this presumption does not eliminate the necessity that appellant ask during voir dire all of the relevant statutory questions to determine whether a juror may be disqualified. A juror might truthfully answer that he had no present recollection of having formed an opinion in the case even though he served on the grand jury that returned the indictment. However, if he had been directly asked whether he served on the grand jury, he might then remember that he had. In *Self,* questioning the juror regarding whether he had formed an opinion in the case did not make him recall that he had served on the grand jury which returned the indictment. Therefore, it was not enough for the appellant to ask general questions regarding whether he had formed an opinion in the case; he

should have also specifically covered the other grounds listed in the statute before he could be held to have used due diligence in determining the applicable challenges for cause. *Id.* at 459–60, 47 S.W. 26.

As we said in *Mitchell,* the fact that a juror served on both the grand jury and the trial jury does not necessarily mean that the defendant did not receive a fair and impartial jury. The reasoning behind this ground for challenge for cause is that the grand juror may have seen evidence that was inadmissible at trial and may have formed a bias against the defendant prior to the beginning of the trial. However, in this case, the trial judge questioned the juror regarding what evidence she remembered from the grand jury and determined that she did not even remember if any evidence was presented.

The judge heard testimony from the juror and determined that she did not remember any facts or evidence that may have been presented to the grand jury and she was not biased against Appellant. The trial judge is the one who heard this testimony, and he chose to believe it. His ruling was not arbitrary or unreasonable and was not outside the zone of reasonable disagreement. There is no indication that the juror's prior service on the grand jury deprived Appellant of a fair and impartial jury. Therefore, the court of appeals properly upheld the decision of the trial court.

## B. FAILURE TO DISCLOSE THE POSSIBILITY OF CIVIL SUIT

Appellant argues that the State suppressed material evidence, which violated his Due Process rights. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He states that the evidence could have been used to impeach the credibility of the complainant, and without it he was prevented from effective cross-examination of the witness. According to Appellant, the fact that the complainant hired an attorney and was considering filing a civil suit against him showed that she had a financial motive for claiming that Appellant sexually assaulted her, and he would have presented this motive to the jury.

■ The State points out that Appellant was not prevented from questioning the complainant regarding her motive for claiming that Appellant sexually assaulted her. Appellant questioned the complainant regarding her conflicting statements, her background and treatment history, and her relationships. He could have further inquired into her motive and could have asked her whether she was considering filing a civil suit against Appellant. The possibility that a civil suit will be filed after a criminal trial should not be news to any defense attorney.

While the fact that a complainant has filed a civil suit against the defendant in a criminal trial is a proper subject of cross-examination, this does not mean that the prosecutor's awareness of the possibility that a suit will be filed is necessarily material evidence. Materiality depends on the circumstances of the particular case and the evidence as a whole. In *Hampton v. State,* we stated that:

> To find reversible error under *Brady,* a defendant must show that:
>
> 1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith;
>
> 2) the withheld evidence is favorable to him;
>
> 3) the evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different.

Under *Brady*, the defendant bears the burden of showing that, in light of all the evidence, it is reasonably probable that the outcome of the trial would have been different had the prosecutor made a timely disclosure. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense.

86 S.W.3d 603, 612 (Tex.Crim.App.2002) (citations omitted).

The cases cited by Appellant are not on point. In *Cook v. State*, 940 S.W.2d 623 (Tex.Crim.App.1996), the district attorney's office had engaged in egregious prosecutorial misconduct by withholding the exculpatory evidence that someone other than the defendant had made repeated death threats against the victim. In *Ex Parte Mitchell*, 853 S.W.2d 1 (Tex.Crim. App.1993), the evidence was that law enforcement officials may have seen the victim alive after the time it was claimed that the defendant shot the victim. We held in both of those cases that the evidence withheld by the State was material exculpatory evidence. In contrast, considering all the evidence presented, the possibility that a civil suit would be filed after this criminal trial was not material evidence.

The court of appeals considered all of the evidence in the light most favorable to the trial court's determination and properly determined that Appellant did not show that it is reasonably probable that the outcome of the trial would have been different had the prosecutor disclosed this information. *Webb v. State*, 2005 Tex.App. LEXIS 6231 at *25, 2005 WL 1842740, at *9. As indicated by the court of appeals, Appellant offered ample impeachment evidence against this complaining witness for

the jury to consider. *Id.* In light of all the evidence presented against Appellant and the abundant impeachment evidence Appellant offered against the complainant, the additional evidence that the complainant was considering filing a civil suit was not material under *Brady.* The trial judge did not abuse his discretion in denying the motions for mistrial and new trial on this basis.

## CONCLUSION

The court of appeals properly determined that the trial court did not abuse its discretion in failing to grant Appellant's motions for mistrial and new trial. By failing to challenge the venirewoman, Appellant forfeited the right to complain that the juror who served on both the grand jury and the trial jury had not been excused. The trial court did not err in determining that there is no indication that the juror's prior service on the grand jury deprived Appellant of a fair and impartial jury. Finally, Appellant did not show that, in light of all the evidence, it is reasonably probable that the outcome of the trial would have been different if the prosecutor had informed him of the possibility that the complainant would file a civil suit against him. The judgment of the court of appeals is affirmed.

HOLCOMB, J., filed a dissenting opinion, in which JOHNSON, J., joined.

HOLCOMB, J., dissenting in which JOHNSON, J., joined.

San Saba (pop.2,593) and Cherokee (pop. 175) are both towns in San Saba County (pop.6,086).[1] San Saba is also the county seat of San Saba County. On November 1, 2001, a grand jury sitting in San Saba returned an indictment charging appellant, a recent resident of Cherokee, with sexual

---

1. All population figures obtained from *The Texas Almanac* 303 (2006).

assault of a child under Texas Penal Code § 22.011(a)(2)(A). One of the persons sitting on the grand jury was Sara H., a resident of San Saba.

On August 25, 2003, the State brought appellant to trial under the indictment. During voir dire, defense counsel asked the venire members, one of whom was Sara H., "Is there anybody ... on the entire panel who has heard anyone discuss this case or someone say they thought they knew what the facts of the case might be?" Sara H. did not respond. A jury of twelve, including Sara H., was later selected and sworn, and appellant was tried and convicted.

Between the guilt and punishment stages of trial, appellant learned that Juror Sara H. had previously served on the grand jury that indicted him. Appellant timely filed a motion for mistrial and a motion for new trial, both of which argued that Sara H.'s failure to respond during voir dire denied appellant the opportunity to ask "follow-up questions concerning any partiality, bias, or prejudice that [Sara H.] may have had based on her knowledge of the purported facts as presented to her as a grand juror." Appellant argued further that Sara H.'s actions denied him his right to the intelligent exercise of his peremptory and causal challenges and his right to the effective assistance of counsel.

After an evidentiary hearing, at which Sara H. testified, the trial court denied both of appellant's motions. The court explained that it found that Sara H. "had no actual facts about the case actively in her mind, and that no harm could have come from [her] serving on the jury after serving on the grand jury."

The Third Court of Appeals later upheld the trial court's rulings on the ground that "[a]t no time [during voir dire] did [defense] counsel inquire whether anyone had served on a grand jury—or the grand jury at issue—nor did he question Sara H. indi-

vidually about any matter." *Webb v. State,* No. 03–04–00004–CR, 2005 WL 1842740 (Tex.App.-Austin, Aug.4, 2005) (not designated for publication).

The majority of this Court now upholds the judgment of the court of appeals, explaining that appellant "did not ask specific enough questions to determine whether anyone on the [jury] panel had served on the grand jury." The majority also opines that the trial court could have reasonably concluded that, at the time of trial, Sara H. "did not remember any facts or evidence that may have been presented to the grand jury and she was not biased against Appellant."

I respectfully dissent. As I noted previously, defense counsel, during voir dire, asked the venire members whether they had ever heard anyone discuss this case. That question was certainly specific enough to determine whether anyone on the venire, including Sara H., had served on the grand jury. How could anyone serve on the grand jury, the accusatory body that indicted appellant, *without* hearing someone discuss the facts of this case? Certainly, the grand jury must have received evidence, some of it probably inadmissible in court, and must have heard the argument of the prosecutor. The conclusion is inescapable that Sara H. failed to respond appropriately during voir dire and that if she had done so, she would have been challenged for cause and struck from the jury panel. As the majority notes, Article 35.16(a)(7) of the Code of Criminal Procedure allows a venire member to be challenged for cause if he previously served on the grand jury.

I also do not agree that the trial court could have reasonably concluded that Sara H. was not biased against appellant. Under the facts presented, I would hold that Sara H. was impliedly biased as a matter of law. In my opinion, it is improbable that Sara H., whatever she might think in

her own mind, could sit as a juror without being influenced by her previous service as a grand juror. In any event, the threat that her grand jury service biased her was too great for the trial court to ignore.

Finally, Sara H.'s service on appellant's jury, after having served on the accusatory body that indicted him, has the appearance of impropriety. Frankly, it looks really bad. I note that all these events occurred in a county of very limited population, where, presumably, everyone knows everyone else's business. I also note that in a very similar case, Chief Justice Arnot expressed the view that jurors who had also served as grand jurors were impliedly biased as a matter of law. *See Freeman v. State,* 168 S.W.3d 888, 893–894 (Tex.App.-Eastland 2005, pet. ref'd) (Arnot, C.J., dissenting).

I respectfully dissent. I would hold that the trial court abused its discretion in denying appellant's motions for mistrial and new trial, and that the court of appeals erred in holding otherwise.