Douglas GRAHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–06–00357–CR.

Court of Appeals of Texas, Waco.

Feb. 27, 2008.

Daniel Burkeen, Groesbeck, for appellant.

J. Keith Meredith, Dist. Atty., Fairfield, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

This is an appeal from a conviction for aggravated assault with a deadly weapon. Punishment was two years in prison. In his sole issue, Douglas Graham challenges the trial court's denial of a mistrial on the grounds that a juror also served on the grand jury that returned the indictment against him. We will affirm.

### Background

The facts relating to the juror are undisputed. Graham was indicted on March 29, 2006 for aggravated assault with a deadly weapon, and the trial began on August 7, 2006. At the start of voir dire, the court asked the jurors whether anyone was previously familiar with the case and no one responded. The State questioned the venire first and asked the venire whether any panel members knew Graham, the three officers in the case, or Mrs. Graham. The State noted that, because the case came out of a small town, it is very likely that jurors knew people involved in the case. Several panel members acknowledged that they knew the officers testifying in the case; however, no one stated they were familiar with Graham or Mrs. Graham. Graham's counsel then proceeded to question the panel, and during that

time, he did not inquire into whether any veniremember had any relationship to the case. At the close of voir dire, the State exercised a challenge for cause, one veniremember was excused, and the jury was selected.

Mona Ackland was one of the twelve jurors. During the State's case in chief, Ackland informed the trial court that she may have served on the Grand Jury that indicted Graham. A hearing was held to determine whether Ackland had heard evidence on Graham's specific case. At the hearing, Ackland testified that she had served on the Grand Jury on March 29and that she heard testimony from Mrs. Graham but not from Graham. The following testimony then occurred in response to questions by the court:

[Q]: During the question/answer session earlier this morning, do you remember me asking if anyone knew anything about the facts of this case?

[A]: Yes, sir.

[Q]: And did that jog your memory?

[A]: No, sir.

[Q]: And when did you first realize you may have served on the grand jury that heard this case?

[A]: Uhm-m, when she walked in the room, I felt I knew her. And as she began to tell her story, then it became clear to me that it was possible that that was a case during that time.

[Q]: Now, do you remember whether or not Mr. Graham appeared before the grand jury?

[A]: No. I've never seen Mr. Graham before.

At the close of the hearing, Graham argued that Ackland should not continue as a juror and he moved for a mistrial. The trial court denied Graham's motion for mistrial and, by agreement of counsel for the State and Defense excused Ackland and allowed the trial to move forward with only eleven jurors.

## Prior Grand Jury Service by a Juror

In his only issue, Graham complains that the trial court erred by overruling his motion for mistrial based upon the presence of a juror who had also served on the grand jury that indicted him. The State argues that because Graham's counsel did not inquire into whether any potential jurors had sat on the grand jury that indicted Graham, any error was waived. *See* TEX.CODE CRIM. PROC. ANN. art. 35.16(a) (Vernon 2006). The pertinent parts of 35.16(a) provide:

(a) A challenge for cause is an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury. A challenge for cause may be made by either the state or the defense for any one of the following reasons:

. . .

(2) That the juror has been convicted of misdemeanor theft or a felony;

(3) That the juror is under indictment or other legal accusation for misdemeanor theft or a felony;

(4) That the juror is insane;

. . .

(7) That the juror served on the grand jury which found the indictment;

. . .

No juror shall be impaneled when it appears that the juror is subject to the second, third or fourth grounds of challenge for cause set forth above, although both parties may consent. All other grounds for challenge may be waived by

the party or parties in whose favor such grounds of challenge exist.

*Id.* § 35.16(a).

■■■■ We review a trial court's denial of a motion for mistrial for an abuse of discretion. *See Hawkins v. State,* 135 S.W.3d 72, 76–77 (Tex.Crim.App.2004). A mistrial is appropriate only for highly prejudicial and incurable errors. *Simpson v. State,* 119 S.W.3d 262, 272 (Tex.Crim.App. 2003).

■■■■ The Code of Criminal Procedure makes it a ground of challenge for cause that a panelist "served on the grand jury which found the indictment." Tex.Code Crim. Proc. Ann. art. 35.16(a)(7). It is error for a trial court to overrule a challenge for cause to a panelist who was a member of the grand jury that returned the indictment being tried. *Wolfe v. State,* 147 Tex.Crim. 62, 178 S.W.2d 274, 279 (Tex.Crim.App.1944); *Mitchell v. State,* 116 Tex.Crim. 65, 27 S.W.2d 800, 800–01 (Tex.Crim.App.1930). But a claim that a juror served on the indicting grand jury is a ground for a challenge for cause, not an absolute disqualification. Tex.Code Crim. Proc. Ann. art. 35.16(a); *Webb v. State,* 232 S.W.3d 109, 113 (Tex.Crim.App.2007); *see, e.g., Freeman v. State,* 168 S.W.3d 888, 891 (Tex.App.-Eastland 2005, no pet.); *Moya v. State,* 691 S.W.2d 63, 65 (Tex.App.-San Antonio 1985, no pet.) (service on grand jury that returned indictment is ground of challenge that may be waived pursuant to article 35.16(a)); *see also Self v. State,* 39 Tex.Crim. 455, 47 S.W. 26, 28 (Tex.Crim. App.1898). The failure to question a juror about whether the juror was a member of the grand jury that returned the indictment constitutes a waiver of the right to thereafter complain that the juror was disqualified on that basis. *Mitchell,* 27 S.W.2d at 800.

In *Self,* the Court of Criminal Appeals held that questioning of a juror as to whether or not he had formed an opinion in the case did not recall to him the fact that he had sat upon the grand jury which found the bill of indictment. *Self,* 47 S.W. at 28. "It was not diligence on the part of appellant to rest simply upon questioning the witness as to the formation of an opinion; but he should have covered the other grounds named in the statute, if he desired to avail himself of them, before he could be held to have used due diligence as to the particular cause for challenge [the juror's prior service on the grand jury]." *Id.* Therefore, the claim is waived unless the defendant specifically questioned the juror on potential grounds for disqualification and exercised the challenge in a timely manner. *See* Tex.Code Crim. Proc. Ann. art. 35.16(a); *see also* 43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 35.65 (2001 & Supp.2004).

The proposition in *Self* was recently reaffirmed by the Court of Criminal Appeals in *Webb.* Addressing the exact issue before us, the court held: "challenge for cause is forfeited if not made. Failure to question the jurors on [whether they sat on the grand jury which found the indictment] constitutes a forfeiture of the right to complain thereafter." *Webb,* 232 S.W.3d at 112. In *Webb,* "neither party specifically asked the panel if they had previously served on the grand jury that indicted Appellant." The court upheld the Austin Court of Appeals' ruling that "because neither party challenged the venirewoman the claim was waived." *Id.*

Here, Graham failed to diligently press the statutory inquiries as to the grounds for challenge. At no time did either counsel inquire whether anyone had served on a grand jury—or the grand jury at issue— nor did either question Ackland individually about any matter. Although the State asked the panel if anyone knew Mrs. Gra-

ham, it appears that Ackland did not remember Mrs. Graham by name and did not recall any facts of the case until she saw and heard Mrs. Graham on the stand, making the general question insufficient to preserve a challenge for cause. *See Self*, 47 S.W. at 28.

There is no question that Ackland could have been excused for her prior grand jury service had she been timely challenged. But she was not queried or challenged. Accordingly, the trial court did not abuse its discretion in denying Graham's motion for mistrial because the challenge had been waived. *Webb*, 232 S.W.3d at 112; *Hawkins*, 135 S.W.3d at 76–77. We overrule Graham's only issue and affirm the trial court's judgment.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring.

Graham's sole issue challenges the trial court's denial of a mistrial on the ground that a juror also served on the grand jury that returned the indictment against him. Because Graham forfeited his right to complain about this issue, the trial court's judgment is affirmed.

**Prior Grand Jury Service by a Juror**

Addressing the exact issue before us, the Court of Criminal Appeals recently held that a "challenge for cause is forfeited if not made. Failure to question the jurors on that subject, [whether they sat on the grand jury which returned the indictment], constitutes a forfeiture of the right to complain thereafter." *Webb v. State*, 232 S.W.3d 109, 112 (Tex.Crim.App.2007). In *Webb*, as in this case, "neither party specifically asked the panel if they had previously served on the grand jury that indicted Appellant." *Id.*

Accordingly, the trial court did not abuse its discretion in denying Graham's motion for mistrial. *Webb*, 232 S.W.3d at 114. We overrule Graham's only issue and affirm the trial court's judgment.