IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00357-CR

 

Douglas Graham,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 87th District Court

Freestone County, Texas

Trial Court No. 06-048-CR

 



Concurring Opinion



 

Graham’s sole issue challenges the trial court's
denial of a mistrial on the ground that a juror also served on the grand jury
that returned the indictment against him.  Because Graham forfeited his right
to complain about this issue, the trial court’s judgment is affirmed.  

Prior Grand Jury Service by
a Juror

Addressing the exact issue before us, the Court of
Criminal Appeals recently held that a “challenge for cause is forfeited if not
made.  Failure to question the jurors on that subject, [whether they sat on the
grand jury which returned the indictment], constitutes a forfeiture of the
right to complain thereafter.”  Webb v. State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).  In Webb, as in this case, “neither party specifically asked
the panel if they had previously served on the grand jury that indicted
Appellant.”  Id.

Accordingly, the trial court did not abuse its
discretion in denying Graham’s motion for mistrial.  Webb, 232 S.W.3d at
114.  We overrule Graham’s only issue and affirm the trial court’s judgment.

 

 

TOM GRAY

Chief Justice

 

Concurring opinion
delivered and filed February 27, 2008

Publish 








 






mily: 'CG Times', serif">Appellants timely filed a notice of appeal. The
parties initially filed an agreed motion requesting that we set aside the judgment and render
judgment in Appellants’ favor in accordance with the terms of their settlement agreement.
      We denied the agreed motion because it did not contain a certificate of service or a certificate
of conference. See Tex. R. App. P. 10.1(a)(4), (5). 
      On February 23, 1999 Marlin Independent School District and Falls County filed a motion
to dismiss this appeal. Rule 42 of the Texas Rules of Appellate procedure controls the disposition
of this motion. The relevant portion of Rule 42 provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
       Marlin Independent School District and Falls County state that the parties have settled their
controversy. Neither Appellee has filed a response to the motion. Accordingly, this cause is
dismissed with costs to be taxed against the appellants.
                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed March 24, 1999
Do not publish