IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,742-02






EX PARTE SAMUEL ALLEN WEBB, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 5231A IN THE 33RD JUDICIAL DISTRICT COURT


FROM SAN SABA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child and sentenced to fifteen years' imprisonment. The Third Court of Appeals affirmed his
conviction. Webb v. State, No. 03-04-00004-CR (Tex. App. - Austin, August 4, 2005). This Court
granted discretionary review, and affirmed the decision of the court of appeals. Webb v. State, 232
S.W.3d 109 (Tex. Crim. App., June 13, 2007).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel advised Applicant to go to the trial court for punishment if he were found guilty by the jury.
Applicant alleges that counsel failed to advise Applicant that he could not receive probation for this
offense if he elected to go to the trial court for punishment. Applicant further alleges that he would
have elected to go to the jury for punishment if he had known that the trial court could not give him
a probated sentence. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel was aware that Applicant
could not receive probation from the trial court if found guilty of this offense. If counsel was aware
of this fact, the trial court shall make findings of fact as to whether counsel informed Applicant that
he could not receive probation from the trial court if the jury found him guilty of this offense. The
trial court shall also make findings as to why counsel advised Applicant to elect to have the trial
court assess punishment in this case. The trial court shall make findings as to whether counsel's
performance was deficient, and if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 2, 2008

Do not publish