Opinion filed April 15, 2010



In The

# Eleventh Court of Appeals

_____

### Nos. 11-09-00211-CR, 11-09-00212-CR, 11-09-00213-CR, & 11-09-00214-CR

_____

### STATE OF TEXAS, Appellant

### V.

### ANTHONY JACOB ANTRAM, Appellee

**On Appeal from the 220th District Court**

**Bosque County, Texas**

**Trial Court Cause Nos. 14301, 14302, 14303, & 14304**

### MEMORANDUM OPINION

The jury convicted Anthony Jacob Antram of four offenses of aggravated sexual assault of a child and assessed his punishment at confinement for forty years and a $5,000 fine for each offense. Antram timely filed both a motion for new trial and an amended motion for new trial. After a hearing, the trial court timely signed an order by which it granted the amended motion for new trial. We affirm.

In Antram's amended motion for new trial, he raised the following: that the jury was not properly instructed on the age of criminal responsibility at the guilt/innocence phase, that the

jury was not properly instructed on extraneous offense at the punishment phase, that the State made specific improper arguments during its closing argument, that the indictment was substantively defective in specific ways, that the verdict was contrary to the law and evidence, that he was not informed of evidence in violation of Brady,[1] and that the granting of a new trial was in the best interest of justice. The trial court did not specify upon which grounds it was granting the amended motion for new trial, and no findings or conclusions were entered.

In its sole issue in each case, the State contends that the trial court abused its discretion when it granted the new trial. The State challenges five of the seven grounds that Antram raised in his amended motion for new trial.

In reviewing the trial court's ruling on a motion for new trial, the appellate court does not substitute its judgment for that of the trial court but, instead, reviews the evidence in the light most favorable to the ruling to determine if the trial court abused its discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). An abuse of discretion occurs when there is no reasonable view of the record that would support the trial court's ruling making the ruling arbitrary or unreasonable. *Id.*

The State has not established that the trial court abused its discretion. Either of the unchallenged grounds in the amended motion for new trial could support the trial court's actions. The issue is overruled in each case.

The orders of the trial court are affirmed.

PER CURIAM

April 15, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).