Opinion filed April 15,
2010 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                     Nos. 11-09-00211-CR, 11-09-00212-CR, 

                                     
11-09-00213-CR, & 11-09-00214-CR

                                                    __________

 

                                     STATE
OF TEXAS, Appellant

 

                                                             V.

 

                            ANTHONY
JACOB ANTRAM, Appellee



 

                                   On
Appeal from the 220th District Court

 

                                                            Bosque
County, Texas

 

                                 Trial Court Cause Nos. 14301,
14302, 14303, & 14304

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Anthony Jacob Antram of four offenses of aggravated sexual
assault of a child and assessed his punishment at confinement for forty years
and a $5,000 fine for each offense.  Antram timely filed both a motion for new
trial and an amended motion for new trial.   After a hearing, the trial court
timely signed an order by which it granted the amended motion for new trial.  We
affirm.

            In
Antram’s amended motion for new trial, he raised the following:  that the jury
was not properly instructed on the age of criminal responsibility at the
guilt/innocence phase, that the jury was not properly instructed on extraneous
offense at the punishment phase, that the State made specific improper
arguments during its closing argument, that the indictment was substantively
defective in specific ways, that the verdict was contrary to the law and
evidence, that he was not informed of evidence in violation of Brady,[1] and
that the granting of a new trial was in the best interest of justice.  The
trial court did not specify upon which grounds it was granting the amended
motion for new trial, and no findings or conclusions were entered.

            In
its sole issue in each case, the State contends that the trial court abused its
discretion when it granted the new trial.  The State challenges five of the seven
grounds that Antram raised in his amended motion for new trial.

            In
reviewing the trial court’s ruling on a motion for new trial, the appellate
court does not substitute its judgment for that of the trial court but, instead,
reviews the evidence in the light most favorable to the ruling to determine if
the trial court abused its discretion.  Webb v. State, 232 S.W.3d 109,
112 (Tex. Crim. App. 2007).  An abuse of discretion occurs when there is no
reasonable view of the record that would support the trial court’s ruling
making the ruling arbitrary or unreasonable.  Id.

            The
State has not established that the trial court abused its discretion.  Either
of the unchallenged grounds in the amended motion for new trial could support
the trial court’s actions.  The issue is overruled in each case.

            The
orders of the trial court are affirmed.

 

                                                                                                PER
CURIAM

 

April 15, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









     [1]Brady v. Maryland, 373 U.S. 83 (1963).