

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00050-CR

**KENNETH WAYNE REAGAN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 2
### Johnson County, Texas
### Trial Court No. M200801166

## MEMORANDUM  OPINION

Kenneth Reagan appeals from a judgment of conviction by a jury for the offense of driving while intoxicated.  TEX. PEN. CODE ANN. §49.04 (Vernon 2005).  Reagan complains that the trial court erred by denying his motion for new trial because of a *Brady* violation, that the trial court erred by denying his motion for mistrial because of the admission of extraneous offenses, and that he received ineffective assistance of counsel.  Because we find no reversible error, we affirm the judgment of the trial court.

*Brady Violation*

Reagan complains that the trial court erred by denying his motion for new trial because the State failed to produce a videotape recording as it was required to pursuant to the holding by the United States Supreme Court in *Brady v. Maryland*. *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L .Ed. 2d 215 (1963). Reagan does not dispute that he did not file a motion requesting that the State produce any such evidence; however, he contends that he had an agreement with the State to produce any such evidence and that he relied on the State's "open file" discovery policy. Reagan and his trial counsel were allowed to view a videotape that was in the State's possession prior to trial; however, they viewed only the first half of the videotape depicting the occurrences at the jail after Reagan's arrest. The second half of the tape depicted the scene on the side of the road from the arresting officer's in-car video. The second half of the videotape contained the field sobriety tests conducted on Reagan by the arresting officer and contained a statement regarding two prior offenses made by a dispatcher.

*Standard of Review*

We review the trial court's denial of a motion for new trial for an abuse of discretion. *See Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). When reviewing a trial court's denial of a motion for new trial, we do not substitute our judgment for that of the trial court, but rather, we consider whether the trial court's decision was arbitrary or unreasonable. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). Thus, if there is conflicting evidence on an issue of fact, we defer to the trial

court's credibility determination. *Id.*; *Quinn v. State*, 958 S.W.2d 395, 402 (Tex. Crim. App. 1997).

A prosecutor has an affirmative duty to turn over material, favorable evidence to the defense. *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); *Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). To determine whether a prosecutor's actions violate a defendant's due process rights, we employ a three-part test. We consider whether: (1) the prosecutor failed to disclose evidence; (2) the evidence is favorable to the accused; and (3) the evidence is material (i.e., whether a reasonable probability exists that the result of the proceeding would have been different if the evidence had been disclosed to the defense). *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000); *Little*, 991 S.W.2d at 866. When, as here, the disclosure of evidence occurs at trial, the issue becomes whether the tardy disclosure prejudiced the defendant. *Id.*

The preliminary question before the trial court was whether or not the prosecutor had, in fact, failed to disclose evidence. Without the failure to disclose evidence, there is no *Brady* violation. *See Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006). An open-file policy is generally sufficient to satisfy *Brady* as well. *Id.* at 407. In this case, trial counsel for Reagan testified that he and Reagan had watched a videotape together which the State had provided. Trial counsel testified that he did not go beyond the intoxilyzer room portion of the tape to identify whether there was anything else on the tape. There was a delay of two to three minutes between segments.

Counsel for the State testified that the tape offered and admitted into evidence was the same tape which was made available to Reagan. The Johnson County Attorney's office has an open file discovery policy. The State denied that it had withheld any evidence from Reagan. The videotape did, however, erroneously indicate on its face that it only contained evidence from the jail and not from the in-car video. There was further testimony that the videotape had not been altered in any manner since it was provided to the prosecutor.

Here, the trial court could have determined the evidence in question was disclosed to Reagan and his trial counsel prior to the trial and that the State did not fail to disclose evidence. Additionally, the trial court could have concluded Reagan did not establish that the videotape was favorable to him and material. *See Webb v. State*, 232 S.W.3d 109, 115 (Tex. Crim. App. 2007) (*quoting Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002)) ("Under *Brady*, the defendant bears the burden of showing that, in light of all the evidence, it is reasonably probable that the outcome of the trial would have been different had the prosecutor made a timely disclosure.").

The driver and passenger of the truck hit by Reagan and the officer who arrested Reagan on the scene testified that Reagan had blood-shot eyes, smelled of alcohol, and was acting like he was intoxicated. The trial court could have concluded that even if the defense had been told specifically to watch that portion of the videotape, there was no reasonable probability that the result of the proceeding would have been different. *Id.* ("The mere possibility that an item of undisclosed evidence might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in

the constitutional sense."). Based on the record presented at the motion for new trial hearing, we conclude the trial court did not abuse its discretion in determining Reagan did not establish a *Brady* violation. We overrule issue one.

*Denial of Mistrial*

Reagan complains in issue two that the trial court erred by denying his motion for mistrial after the videotape from the side of the road was played because it contained inadmissible references to extraneous prior offenses. The videotape was played in its entirety to the jury after having been admitted in evidence without objection by Reagan. After the tape concluded, Reagan approached and asked for a hearing outside of the presence of the jury at which time he objected to the introduction of the audio portion regarding any extraneous offenses.

A timely objection must be made in order to preserve an error in the admission of evidence. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). The objection should be made as soon as the ground for objection becomes apparent. *Id*. However, if it was not possible to make a timely objection and the evidence is actually admitted, the defense must object as soon as the objectionable nature of the evidence became apparent and move to strike the evidence. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Either way, Reagan did not object to the reference to any extraneous offenses until after the videotape had played in its entirety. This was not timely. We overrule issue two.

*Ineffective Assistance of Counsel*

Reagan complains that he received ineffective assistance of counsel because his trial counsel did not view the second half of the videotape that depicted the events that transpired on the side of the road and on the ride to the jail, and that this failure constituted ineffective assistance of counsel. He further contends that the failure to object to the video once it was introduced and the failure to request a continuance constituted ineffective assistance of counsel. The videotape contained a statement made by a dispatcher over the arresting officer's radio during the ride to the jail that Reagan had two prior DWI convictions in 1983, which Reagan contends were inadmissible. The videotape also portrayed the field sobriety testing that was conducted at the scene of the accident, which Reagan concedes was admissible.

To prevail on an ineffective-assistance claim, Reagan must prove (1) counsel's representation fell below the objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Ex parte Ellis*, 233 S.W.3d 324, 330-31 (Tex. Crim. App. 2007). When making this determination, any constitutionally deficient acts or omissions will be considered in light of the totality of the evidence before the judge or jury. *Id*. at 331.

A hearing was held on Reagan's motion for new trial alleging ineffective assistance and Reagan's trial counsel testified as to his actions. The State concedes that

Reagan has met the first prong of *Strickland* as it relates to Reagan's trial counsel's failure to view the roadside portion of the videotape and his further failure to request a continuance at any of the times the State made reference to the tape or when that portion of the tape began. The State disclosed in its opening statement that the jury would see a videotape of what occurred at the scene on the side of the road. Additionally, when the State began its questions to authenticate the tape, the witness stated that there was a videotape from the roadside and that it had been included on the tape. There was no objection or other comment by Reagan's trial counsel at either juncture in the trial. As discussed above, the objection to that portion of the videotape was not lodged until after the videotape was viewed in its entirety.

We will assume without deciding that Reagan has met the first prong of *Strickland*. We must therefore determine whether there is a reasonable probability that, but for Reagan's trial counsel's alleged deficiency, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). At trial, Reagan's trial counsel extensively cross-examined the officer who administered the field sobriety testing both at the scene of the arrest and at the jail regarding Reagan's performance on the testing as well as the officer's skill in conducting the tests. Other witnesses who were involved in the accident testified as to Reagan's actions at the scene. Reagan's trial counsel had the offense report that itemized what had transpired at the scene and was the same as what was depicted on the videotape prior to trial. Viewing the totality of the evidence before the jury, we do not find that there is a

reasonable probability that without this alleged deficiency by Reagan's trial counsel the result would have been different. We overrule issue three.

*Conclusion*

We find that there was no *Brady* violation. Further, we find that the issue regarding the denial of the mistrial was not properly preserved at trial. We find that while Reagan's trial counsel's representation may have fallen below the objective standard of reasonableness, we do not believe that there is a reasonable probability that the result would have been different without the alleged deficiency of Reagan's trial counsel. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Reyna, and
 Justice Davis
Affirmed
Opinion delivered and filed April 28, 2010
Do not publish
[CR25]