IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00050-CR

 

Kenneth Wayne Reagan,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court at Law No.
2

Johnson County, Texas

Trial Court No. M200801166

 



MEMORANDUM  Opinion










 

            Kenneth Reagan appeals from a judgment of conviction by a jury for
the offense of driving while intoxicated.  Tex.
Pen. Code Ann. §49.04 (Vernon 2005).  Reagan complains that the trial
court erred by denying his motion for new trial because of a Brady
violation, that the trial court erred by denying his motion for mistrial
because of the admission of extraneous offenses, and that he received
ineffective assistance of counsel.  Because we find no reversible error, we
affirm the judgment of the trial court.




Brady Violation

            Reagan complains that the trial court
erred by denying his motion for new trial because the State failed to produce a
videotape recording as it was required to pursuant to the holding by the United
States Supreme Court in Brady v. Maryland.  See Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L .Ed. 2d 215 (1963).  Reagan does not
dispute that he did not file a motion requesting that the State produce any
such evidence; however, he contends that he had an agreement with the State to
produce any such evidence and that he relied on the State’s “open file”
discovery policy.  Reagan and his trial counsel were allowed to view a
videotape that was in the State’s possession prior to trial; however, they
viewed only the first half of the videotape depicting the occurrences at the
jail after Reagan’s arrest.  The second half of the tape depicted the scene on
the side of the road from the arresting officer’s in-car video.  The second
half of the videotape contained the field sobriety tests conducted on Reagan by
the arresting officer and contained a statement regarding two prior offenses
made by a dispatcher.  

Standard of Review

            We review the trial court’s denial of
a motion for new trial for an abuse of discretion.  See Salazar v. State,
38 S.W.3d 141, 148 (Tex. Crim. App. 2001).  When reviewing a trial court's
denial of a motion for new trial, we do not substitute our judgment for that of
the trial court, but rather, we consider whether the trial court’s decision was
arbitrary or unreasonable.  Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim.
App. 1995).   Thus, if there is conflicting evidence on an issue of fact,
we defer to the trial court’s credibility determination.  Id.; Quinn
v. State, 958 S.W.2d 395, 402 (Tex. Crim. App. 1997).

            A prosecutor has an affirmative duty to
turn over material, favorable evidence to the defense.  Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); Little v. State,
991 S.W.2d 864, 866 (Tex. Crim. App. 1999).  To determine whether a
prosecutor’s actions violate a defendant's due process rights, we employ a
three-part test. We consider whether: (1) the prosecutor failed to disclose
evidence; (2) the evidence is favorable to the accused; and (3) the evidence is
material (i.e., whether a reasonable probability exists that the result of the
proceeding would have been different if the evidence had been disclosed to the
defense).  Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000); Little,
991 S.W.2d at 866.  When, as here, the disclosure of evidence occurs at trial,
the issue becomes whether the tardy disclosure prejudiced the defendant.  Id.

            The preliminary question before the
trial court was whether or not the prosecutor had, in fact, failed to disclose
evidence.  Without the failure to disclose evidence, there is no Brady
violation.  See Harm v. State, 183 S.W.3d 403, 406 (Tex. Crim. App.
2006).  An open-file policy is generally sufficient to satisfy Brady as
well.  Id. at 407.  In this case, trial counsel for Reagan testified
that he and Reagan had watched a videotape together which the State had
provided.  Trial counsel testified that he did not go beyond the intoxilyzer
room portion of the tape to identify whether there was anything else on the
tape.  There was a delay of two to three minutes between segments.  

Counsel for the State testified that the tape
offered and admitted into evidence was the same tape which was made available
to Reagan.  The Johnson County Attorney’s office has an open file discovery
policy.  The State denied that it had withheld any evidence from Reagan.  The
videotape did, however, erroneously indicate on its face that it only contained
evidence from the jail and not from the in-car video.  There was further
testimony that the videotape had not been altered in any manner since it was
provided to the prosecutor.

            Here, the trial court could have
determined the evidence in question was disclosed to Reagan and his trial
counsel prior to the trial and that the State did not fail to disclose
evidence.  Additionally, the trial court could have concluded Reagan did not
establish that the videotape was favorable to him and material.  See Webb v.
State, 232 S.W.3d 109, 115 (Tex. Crim. App. 2007) (quoting Hampton v.
State, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002)) ("Under Brady,
the defendant bears the burden of showing that, in light of all the evidence,
it is reasonably probable that the outcome of the trial would have been
different had the prosecutor made a timely disclosure.").  

The driver and passenger of the truck hit by
Reagan and the officer who arrested Reagan on the scene testified that Reagan
had blood-shot eyes, smelled of alcohol, and was acting like he was
intoxicated.  The trial court could have concluded that even if the defense had
been told specifically to watch that portion of the videotape, there was no
reasonable probability that the result of the proceeding would have been
different.  Id. (“The mere possibility that an item of undisclosed
evidence might have helped the defense, or might have affected the outcome of
the trial, does not establish materiality in the constitutional sense.”). 
Based on the record presented at the motion for new trial hearing, we conclude
the trial court did not abuse its discretion in determining Reagan did not
establish a Brady violation.  We overrule issue one.

Denial of Mistrial

            Reagan complains in issue two that the trial court erred by denying
his motion for mistrial after the videotape from the side of the road was
played because it contained inadmissible references to extraneous prior
offenses.  The videotape was played in its entirety to the jury after having
been admitted in evidence without objection by Reagan.  After the tape
concluded, Reagan approached and asked for a hearing outside of the presence of
the jury at which time he objected to the introduction of the audio portion
regarding any extraneous offenses.

            A timely objection must be made in
order to preserve an error in the admission of evidence.  Dinkins v. State,
894 S.W.2d 330, 355 (Tex. Crim. App. 1995).  The objection should be made as soon
as the ground for objection becomes apparent.  Id.  However, if it was
not possible to make a timely objection and the evidence is actually admitted,
the defense must object as soon as the objectionable nature of the evidence
became apparent and move to strike the evidence.  Ethington v. State,
819 S.W.2d 854, 858 (Tex. Crim. App. 1991).  Either way, Reagan did not object
to the reference to any extraneous offenses until after the videotape had
played in its entirety.  This was not timely.  We overrule issue two.




Ineffective Assistance of Counsel

            Reagan complains that he received
ineffective assistance of counsel because his trial counsel did not view the
second half of the videotape that depicted the events that transpired on the
side of the road and on the ride to the jail, and that this failure constituted
ineffective assistance of counsel.  He further contends that the failure to
object to the video once it was introduced and the failure to request a
continuance constituted ineffective assistance of counsel.  The videotape
contained a statement made by a dispatcher over the arresting officer’s radio
during the ride to the jail that Reagan had two prior DWI convictions in 1983,
which Reagan contends were inadmissible.  The videotape also portrayed the
field sobriety testing that was conducted at the scene of the accident, which
Reagan concedes was admissible.  

To prevail on an ineffective-assistance claim,
Reagan must prove (1) counsel’s representation fell below the objective
standard of reasonableness; and (2) there is a reasonable probability that, but
for counsel’s deficiency, the result of the proceeding would have been
different.  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  A reasonable probability is a probability sufficient to
undermine confidence in the outcome.  Ex parte Ellis, 233 S.W.3d 324,
330-31 (Tex. Crim. App. 2007).  When
making this determination, any constitutionally deficient acts or omissions
will be considered in light of the totality of the evidence before the judge or
jury.  Id. at 331.

A hearing was held on Reagan’s motion for new
trial alleging ineffective assistance and Reagan’s trial counsel testified as
to his actions.  The State concedes that Reagan has met the first prong of Strickland
as it relates to Reagan’s trial counsel’s failure to view the roadside
portion of the videotape and his further failure to request a continuance at
any of the times the State made reference to the tape or when that portion of
the tape began.  The State disclosed in its opening statement that the jury
would see a videotape of what occurred at the scene on the side of the road. 
Additionally, when the State began its questions to authenticate the tape, the
witness stated that there was a videotape from the roadside and that it had
been included on the tape.  There was no objection or other comment by Reagan’s
trial counsel at either juncture in the trial.  As discussed above, the objection
to that portion of the videotape was not lodged until after the videotape was
viewed in its entirety.

            We will assume without deciding that
Reagan has met the first prong of Strickland.  We must therefore
determine whether there is a reasonable probability that, but for Reagan’s
trial counsel’s alleged deficiency, the result of the proceeding would have
been different.  See Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999).  At trial, Reagan’s trial counsel extensively
cross-examined the officer who administered the field sobriety testing both at
the scene of the arrest and at the jail regarding Reagan’s performance on the
testing as well as the officer’s skill in conducting the tests.  Other
witnesses who were involved in the accident testified as to Reagan’s actions at
the scene.  Reagan’s trial counsel had the offense report that itemized what
had transpired at the scene and was the same as what was depicted on the
videotape prior to trial.  Viewing the totality of the evidence before the jury,
we do not find that there is a reasonable probability that without this alleged
deficiency by Reagan’s trial counsel the result would have been different.  We
overrule issue three.

Conclusion

            We find that there was no Brady
violation.  Further, we find that the issue regarding the denial of the
mistrial was not properly preserved at trial.  We find that while Reagan’s
trial counsel’s representation may have fallen below the objective standard of
reasonableness, we do not believe that there is a reasonable probability that
the result would have been different without the alleged deficiency of Reagan’s
trial counsel.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed April 28, 2010

Do
not publish

[CR25]