# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00654-CR

**Benjamin Lopez Jr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-08-792, HONORABLE GARY L. STEEL, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

During jury deliberations on guilt/innocence in his trial for theft, Benjamin Lopez, Jr., moved for a mistrial based on allegations that a juror fell asleep during the trial. The trial court held a hearing at which it heard testimony, then denied the motion for mistrial. The jury convicted Lopez of theft of a motorcycle and acquitted him of theft of a trailer. Pursuant to a plea bargain on punishment, the trial court assessed punishment at ten years in prison. Lopez contends on appeal that the trial court erred by failing to grant his motion for mistrial. We will affirm the judgment.

The trial court heard testimony on the motion for mistrial from three witnesses—two of Lopez's friends who were spectators at the trial and the trial court's bailiff. Lopez's friends believed that the juror fell asleep, while the bailiff believed otherwise.

Spectator Cynthia Anguiano testified that she saw that one of the jurors "at the far end of the corner on the top was falling asleep." She testified that the juror was "nodding—beginning.

His head was going up and down. He was pretty much out for a while." She said that happened more than once, that his eyes were closed and his head down, and that he was not paying attention. On cross-examination the prosecutor stated, "You're talking about the guy on the back row, corner, curly hair. I saw him bobbing and weaving, also." Anguiano said that she could not hear whether the juror was snoring, and later conceded that she did not know whether the juror closed his eyes to pay attention. She testified that the juror was sleeping several times, including once during a detective's testimony about the contents of a backpack. Anguiano contended that one of the jurors failed to hear some testimony bearing on Lopez's defense. The other friend of Lopez, Ramiro Andrade, testified that he saw "the guy in the corner like nodding off" during the court's reading of the charge. He believed that the juror "perhaps" missed some important testimony.

The court's bailiff Frank Kennedy testified that the judge had directed him to ensure that no jurors slept. He testified that he could tell from his vantage point that some jurors appeared to be closing their eyes when instead they were looking down and taking notes. He testified that he had done as the court instructed and made sure no jurors fell asleep.

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Whether an error requires a mistrial must be determined by the particular facts of the case. *Ladd*, 3 S.W.3d at 567. The movant has the burden of proving the allegation of juror misconduct. *See Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000). "The trial court should consider whether 'the sleeping juror missed large portions of the

2

trial or [whether] the portions missed were particularly critical.'" *Menard v. State*, 193 S.W.3d 55, 60 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (quoting *United States v. Freitag*, 230 F.3d 1019, 1023 (7th Cir. 2000)). The *Freitag* court found no abuse of discretion in the trial court's failure to excuse an undisputedly sleeping juror because there was no evidence that juror missed large portions of trial or that portions missed were particularly critical. 230 F.3d at 1023. The court held that reversal for a sleeping juror "is appropriate only if the defendant was deprived of his Fifth Amendment due process rights or his Sixth Amendment right to an impartial jury." *Id*. When assessing action on a motion for mistrial, determinations of historical fact and assessment of witness credibility and believability are left almost entirely to the discretion of the trial judge, and where there is conflicting evidence there is no abuse of discretion if the motion is overruled. *Hughes*, 24 S.W.3d at 842. An appellate court views the evidence in the light most favorable to the trial court's ruling. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). The ruling must be upheld if it was within the zone of reasonable disagreement. *Id*.

We conclude that the trial court did not abuse its discretion by denying the motion for mistrial. Witnesses disagreed regarding whether a juror fell asleep. The witnesses who testified that the juror fell asleep were not certain of what evidence, if any, the juror missed. The testimony that the juror might have missed part of the judge's reading of the charge to the jury is blunted by the fact that the jury "may take to their jury room the charges given by the court."[1] *See* Tex. Code Crim. Proc. Ann. art. 36.18 (West 2006). On this scant and conflicting evidence, the trial court

---

[1] In this case, the trial court read the charge to the jury and stated that "the charge will be given to you along with all of the evidence for your deliberations. . . . I would suggest that after you've elected a foreperson, that you review the charge again as part of your deliberations."

implicitly found that Lopez failed to carry his burden of proof to show that a juror slept, missed critical evidence, and thereby denied Lopez due process. Lopez has not shown that the trial court abused its discretion by denying his motion for mistrial.

We affirm the trial court's judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed:   January 11, 2012

Do Not Publish