**Opinion filed August 9, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00328-CR

_____

## RONNIE WILLIAM PARNELL, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 23965A**

## M E M O R A N D U M   O P I N I O N

Ronnie William Parnell entered an open plea of guilty to the offense of possessing methamphetamine with the intent to deliver in a drug-free zone. The trial court sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen years. Appellant challenges his conviction in a single point of error. He asserts that his guilty plea was not knowing and voluntary. We affirm.

*Background Facts*

Appellant entered his plea of guilty on August 27, 2010. He executed written plea admonishments and a stipulation of evidence on that date, and he entered his plea in open court. At the hearing, the trial court questioned appellant extensively regarding his understanding of the charges and the various waivers he had executed and his willingness to enter an open plea of guilty. The trial court specifically asked appellant if he understood the papers that he had signed. The trial court also asked appellant if he was pleading guilty freely and voluntarily. The trial court accepted appellant's guilty plea based on his affirmative responses to these questions. At the end of the hearing, the trial court asked appellant about his "hurt arm." Appellant responded that he had been bitten by a spider.

Appellant's sentencing hearing occurred on October 15, 2010. He testified that he did not remember "half" of what occurred at the earlier plea hearing because he was in a great deal of pain. Appellant stated that he went to the hospital immediately after the plea hearing and that he spent three weeks there for treatment of a "heart problem."

Appellant subsequently filed a motion for new trial on November 12, 2010, alleging that his guilty plea was not knowing and voluntary because "he had been bitten by a poisonous spider and was suffering such that he was not of sound mind and was unable to think with clarity and understanding." He additionally alleged that he was taking pain medication that prevented him from thinking clearly. He further alleged that he entered the plea based upon his understanding that the "drug-free zone" allegation would be dropped.

The trial court heard the motion for new trial on December 27, 2010. Both appellant and his wife testified at the hearing that he had been bitten by a poisonous spider on the night before the plea hearing and that he was in a lot of pain. He testified that he could not think straight at the plea hearing because he was "[s]paced out" and that he did not remember what happened. Appellant further testified that he did not recall his trial counsel being at the plea hearing. Appellant offered the medical records from his hospital visit in support of his allegations.

The State countered appellant's claim with testimony from appellant's trial counsel. Trial counsel testified that he explained the ramifications of the open plea to appellant prior to the entry of the plea and that appellant appeared to understand them. Trial counsel also testified that he believed that appellant was competent when he entered the plea.

*Analysis*

In a single point of error, appellant asserts that the trial court erred in denying his motion for new trial on the basis that his plea was not knowing and voluntary. We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). An abuse of discretion occurs when the trial court acts in an unreasonable or arbitrary manner or when it acts without reference to any guiding principles. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We are mindful of the fact that the trial court is the sole arbitrator of the credibility of the witnesses and evidence offered. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). We will not substitute our judgment for that of the trial court but, instead, will review the evidence in the light most favorable to the ruling to determine if the trial court abused its discretion. *Webb*, 232 S.W.3d at 112.

A plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). For a plea to be voluntary, it must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Brady v. United States*, 397 U.S. 742, 755 (1970); *Kniatt*, 206 S.W.3d at 664. In determining the voluntariness of a plea, we consider all the relevant circumstances surrounding it. *State v. Collazo*, 264 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). A defendant's sworn representation that his guilty plea is voluntary "constitute[s] a formidable barrier in any subsequent collateral proceedings." *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

We conclude that the trial court did not abuse its discretion in denying appellant's motion for new trial. Initially, the trial court was able to make its own evaluation of appellant's competency at the plea hearing. The trial court was free to reject appellant's subsequent, self-serving testimony about his alleged lack of competence because it involved a matter of credibility. The trial court is the sole judge of the credibility of the witnesses. *Charles*, 146 S.W.3d at 208. It may choose to believe all, some, or none of the testimony presented. *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997). The trial court is in the best position to determine the weight to be given contradictory testimonial evidence because that determination turns on an evaluation of credibility and demeanor. *Id.* Additionally, the testimony from appellant's trial counsel supports the trial court's determination. Appellant's medical records also support the

3

trial court's determination. The discharge summary from his hospital admission states that he was "alert and oriented" upon admission after the plea hearing.[1] Appellant's sole point of error is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


August 9, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1]The discharge summary also indicates that appellant was admitted to the hospital with a "[r]ight upper extremity abscess" due to intravenous drug abuse rather than a spider bite.