

# NUMBER 13-18-00034-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**THE STATE OF TEXAS,** **Appellant,**

**v.**

**ESMERALDA L. CHAVEZ,** **Appellee.**

---

**On appeal from the County Court at Law No. 1
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria and Rodriguez[1]
Memorandum Opinion by Justice Rodriguez**

Appellee Esmeralda Chavez was charged by information with telephone

---

[1] Retired Thirteenth Court of Appeals Justice Nelda Rodriguez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

harassment. *See* TEX. PENAL CODE ANN. § 42.07(a)(4). A jury found her guilty and assessed punishment at sixty days incarceration in Nueces City jail and a $500 fine. Chavez filed a motion for new trial, which the trial court granted. By one issue, the appellant State argues the trial court erred in granting the motion for new trial. We affirm.

## I.    BACKGROUND

Following her conviction, Chavez moved for a new trial, complaining that there was no evidence to support the allegation that she caused the complainant's telephone to ring repeatedly. In her motion, Chavez alleged, in pertinent part, as follows:

> There was no evidence introduced at trial by the complaining witness in regard to her telephone allegedly ringing. However, evidence was admitted at trial regarding a series of text messages allegedly transmitted to the complaining witness by the defendant. The text messages fell outside the parameters of the State's charging instrument or Complaint and were not supported by telephone records or Information Technology [IT] documentation.
>
> . . .

After conducting a hearing, the trial court granted a new trial on the sole ground "that the judgment of conviction was contrary to the law and evidence." The trial court made the following finding of fact: the evidence presented at trial concerning text messages was insufficient to support the State's theory that Chavez harassed the complainant by causing the complainant's phone to ring repeatedly, and Chavez "failed to prove any other ground to support her motion for new trial." The State appealed the trial court's order.

## II.    MOTION FOR NEW TRIAL

The State argues the trial court erred in granting Chavez's motion for new trial because Chavez failed to show the evidence was insufficient to support her conviction.

2

## A.    Standard of Review

We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).  We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement.  *Id.*  We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable.  *Id*.  Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling.  *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

## B.    Legal Sufficiency

We review evidentiary sufficiency challenges under the *Jackson* standard.  *See Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Jackson v. Virginia,* 443 U.S. 307 (1979).  Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.  *See Jackson,* 443 U.S. at 319;  *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Viewed in the light most favorable to the verdict, the evidence is insufficient when either:  (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt.  *See Laster,* 275 S.W.3d at 518.  We do not weigh any evidence or evaluate the

credibility of any witnesses, as this was the function of the fact finder. *Williams,* 235 S.W.3d at 750. Instead, we determine whether both the explicit and implicit findings of the fact finder are rational by viewing all the evidence admitted at trial in the light most favorable to the verdict and resolving any inconsistencies in the evidence in favor of the verdict. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).

We review the sufficiency of the evidence by a hypothetically correct jury charge as authorized by the indictment. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc). As charged in this case, a person commits the offense of harassment if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, she causes the telephone of another to ring repeatedly in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another. TEX. PENAL CODE ANN. § 42.07(a)(4).

## C.    Discussion

The State charged Chavez with the offense of harassment as follows:

> On or about 9 August 2014, . . . in Nueces County, State of Texas, [Chavez] did then and there, with intent to harass, annoy, alarm, abuse, torment, or embarrass, [complainant], cause the telephone of [complainant] to ring repeatedly, against the peace and dignity of the State.

Section 42.07(a)(7) of the Texas Penal Code is pertinent to our analysis: a person commits an offense if with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.[2] *Id.*

---

[2] "Electronic communication" means a communication initiated through a text message. TEX. PENAL CODE ANN. § 42.07(b)(1)(A). This section is content-based and does not have to do with noise or sound. *Id.*

4

§ 42.07(a)(7). On the other hand, a person commits the offense as charged here if the person, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, she causes the telephone of another to ring repeatedly in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another. *Id*. § 42.07(a)(4). Thus, as charged, the State must show Chavez committed the offense of harassment under § 42.07(a)(4) rather than 42.07(a)(7). *See id*. § 42.07(a)(4), (7).

However, the State produced no evidence at trial that Chavez caused the complainant's phone to ring repeatedly. *See id*. § 42.07(4). In fact, the trial court stated that it never heard evidence that the complainant's phone "shook or rang" and heard "very little about the annoying text messaging." Chavez requested a directed verdict because of the lack of evidence, and the trial court replied, "I don't know if [the harassment statute] has been updated to include the modern way of text messaging . . . you're trying to fit a square peg in a round hole." However, neither side could present case law for the trial court to consider regarding text messages and harassment. Thus, the trial court denied Chavez's request for a directed verdict.

After being convicted, Chavez filed a motion for new trial. At the motion for new trial hearing, Chavez argued that she should have been charged under § 42.07(7), which expressly defines electronic communication as a "text message." In response, the State argued that although § 42.07(4) "only states ringing instead of telecommunication, the legislative intent is clear to include the repeated text messages." However, the legislature expressly included text messages in § 42.07(7). According to the State, at trial, the "evidence undisputedly has shown that there was repeated telecommunication [i.e.] repeated text messages in a manner reasonably likely to harass, annoy, alarm, abuse,

torment, embarrass, or offend the [complainant]" and therefore the motion for new trial should be denied.

As authorized in the indictment, the State was required to prove that Chavez caused the complainant's phone to "ring repeatedly," not that Chavez made "repeated telecommunications." *See Malik,* 953 S.W.2d at 240; *see also Clinton v. State*, 354 S.W.3d 795, 799 (Tex. Crim. App. 2011) (citing *Gollihar v. State*, 46 S.W.3d 243, 254 (Tex. Crim. App. 2001) ("[W]hen the statute defines alternative methods of manner and means of committing an element and the indictment alleges only one of those methods, 'the law' for purposes of the hypothetically correct charge[ ] is the single method alleged in the indictment."). Moreover, the State did not charge Chavez with harassment by sending repeated electronic communications, i.e., text messages pursuant to § 42.07(a)(7) or with "making repeated telephonic communications" under § 42.07(a)(4). *See Wilson v. State*, 448 S.W.3d 418, 426 (Tex. Crim. App. 2014) (holding that the content of six calls over a ten-month period, combined with evidence of [defendant's] combative conduct and verbal abuse toward [complainant], the jury could have rationally found that [defendant], with the intent to harass, annoy, alarm, abuse, torment, or embarrass [complainant], *made repeated telephone communications* to [complainant] in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend her) (Emphasis added). Although the State may have obtained a harassment conviction under § 42.07(a)(7)'s electronic communication provision or the latter portion of § 42.07(a)(4)'s "making repeated telephonic communications," the State charged Chavez with causing the complainant's phone to "ring repeatedly." *See* TEX. PENAL CODE ANN. § 42.07(a)(4); *Clinton*, 354 S.W.3d at 799; *see also Perone v. State*, No. 14-12-00969-

6

CV, 2014, 2014 WL 1481318 at *2 (Tex. App.—Houston [14th Dist.] Apr. 15, 2014, no pet.) (mem. op., not designated for publication) (concluding that text messages are "telephonic communications" under § 42.07(a)(4)).

Because we find nothing in the record to demonstrate that Chavez caused the complainant's phone to "ring repeatedly," we find the evidence was legally insufficient to support a conviction of harassment as authorized by the charging instrument. *See Malik,* 953 S.W.2d at 240; *Jackson,* 443 U.S. at 319. Therefore, the trial court did not abuse its discretion when it granted Chavez's motion for new trial. *Webb*, 232 S.W.3d at 112. We overrule the State's issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NELDA RODRIGUEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of August, 2019.

7