**Opinion filed August 31, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00047-CR

_____

### NICKOLAS WINN CLARK, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 26283**

### M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Nickolas Winn Clark, of the first-degree felony offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(d) (West 2019). In the indictment, the State alleged that Appellant entered a habitation without the effective consent of the owner and with the intent to commit the offense of injury to an elderly individual "and/or" did commit the offense of injury to an

elderly individual. *See id.* The indictment included an enhancement allegation which, if found to be "true," would increase the punishment range for the offense under the habitual offender statute. *See id.* § 12.42(c)(1). Appellant elected to have the trial court assess his punishment. The trial court found the enhancement allegation to be "true" based on Appellant's plea of "true," and assessed his punishment at eighteen years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on appeal, Appellant asserts that the trial court abused its discretion when it denied his motion for a mistrial after a witness referred to Appellant as "a felon" in the presence of the jury.

*Factual and Procedural History*

On March 13, 2021, Wendell Lee Tipton, recently retired from the Eastland County Sheriff's Office, discovered Appellant hiding inside his residence. While attempting to flee, Appellant pushed Tipton in the chest and caused a cut on his finger. Tipton testified that the injuries Appellant inflicted caused him pain and that Appellant entered his habitation without his consent. At the time of the offense, Tipton was over 65 years old.

During Tipton's testimony, the State approached the bench to notify the trial court that it intended to ask Tipton about a reason that he returned home that night: he had received a text that Appellant was a wanted felon and that he was seen in the area. During a conference outside of the presence of the jury, Appellant's trial counsel made a broad objection to the information revealed by the State because he believed he had not "opened the door" to the information, and further argued that the information was hearsay and unduly prejudicial. When the trial court overruled his objections, Appellant's trial counsel asked for the trial court "to place some limitations . . . some parameters" on any references that Appellant was "a wanted

2

fugitive and charged language and like that, felon, felony warrant, those types of things." The State made suggestions on how to mutually resolve Appellant's concerns by stating, "Judge, we would be fine with just stating that he had a -- that he had a warrant and was a fugitive without going into whether it's a felony or what the charge is." Appellant's trial counsel did not note any disagreement with the State's proposed resolution, nor did he present any additions or objections to the State's proposal as it was presented to the trial court. Consistent with the State's proposal, the trial court ruled that the State was to limit the testimony to "[t]hat it was this defendant and that there was a warrant, fugitive, and nothing beyond." Prior to the jury's return, Appellant did not object to, express further problems with, or suggest any changes to the trial court's ruling.

Within minutes of the trial court's ruling, Tipton testified that he received a text from a neighbor in which "there's a statement in there that he was a felon." Appellant's trial counsel objected to Tipton's statement, stating that "[t]he State has a duty to instruct their witnesses about the Court's rulings," and moved for a mistrial. The trial court immediately instructed the jury to disregard the statement, after which it denied Appellant's motion for a mistrial.

*Standard of Review*

"The denial of a motion for mistrial is reviewed under an abuse of discretion standard." *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (citing *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App.1999)). Courts continually acknowledge that "[a] mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Ladd*, 3 S.W.3d at 567. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d

72, 77 (Tex. Crim. App. 2004). "Therefore, a mistrial should be granted only in cases where the 'reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds.'" *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009) (quoting *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998)). Otherwise, sound discretion normally requires the trial judge to consider less drastic alternatives. *Torres v. State*, 614 S.W.2d 436, 442 (Tex. Crim. App. [Panel Op.] 1981).

When a party moves for mistrial, the scope of appellate review is limited to whether the trial court erred in not taking the most serious action of ending the trial. *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004). An appellate court must "uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007) (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). We do not substitute our judgment for the trial court's judgment. *Id.* Instead, "we decide whether the trial court's decision was arbitrary or unreasonable." *Id.*

*Analysis*

In his sole issue on appeal, Appellant asserts that the trial court abused its discretion when it denied his trial counsel's motion for a mistrial following Tipton's testimony that identified Appellant as a felon.

On its face, the record is clear that a broad and vague objection was originally made by Appellant's trial counsel to which the State made suggestions on how to mutually resolve that objection. There is no disagreement, addition, or objection made by Appellant to the State's proposal; consistent with the State's proposal, the trial court made its ruling that the use of "fugitive" to describe Appellant would be

4

allowed, but not the word "felon." No party thereafter objected to or expressed further suggested edits of the court's ruling. Within the presence of the jury, the following exchange occurred:

> [STATE]: Okay. Was there another reason that you went home that day?
>
> [TIPTON]: Yes. I had received a text that there was a wanted fugitive running around in our area.
>
> . . . .
>
> [STATE]: Okay. And what -- what information did you receive?
>
> [TIPTON]: I received a picture and then there's a statement in there that he was a felon.

Appellant's trial counsel objected, stating that the testimony was prejudicial and violated his oral motion in limine. Appellant further moved for a mistrial because, he alleged, the error could not be "cured" by an instruction to disregard.

Our review is limited to whether the trial court erred in not taking the most serious action of ending the trial based on the trial court's alleged error. *Young*, 137 S.W.3d at 70. Here, it is apparent from Tipton's testimony that he did not claim that Appellant was in fact a felon. There is no information given on why the neighbor believed that or what was the original source of that information, or its reliability. There is no confirmation given of the text's assertion; there is no indication of the particular felony that Appellant had committed. The trial court appropriately provided an instruction for the jury to disregard the statement upon Appellant's request, and the trial court appropriately denied Appellant's request for a mistrial.[1] *See id.* at 72; *Webb*, 232 S.W.3d at 114. "Instructions to the jury are generally

---

[1]Even absent the trial court's instruction to the jury to disregard, we cannot say that the harm from the difference in referring to Appellant as a "felon" rather than a "fugitive" would be significant.

considered sufficient to cure improprieties that occur during trial." *Gamboa*, 296 S.W.3d at 580. "And we generally presume that a jury will follow the judge's instructions." *Id.* (citing *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

Here, the trial court, upon Appellant's request, immediately instructed the jury to disregard Tipton's statement. *See id.* at 581 ("[a]ssuming that the testimony was improper, the trial judge quickly instructed the jury to disregard the statement and the question. Nothing in the record suggests that the jury was unable to follow the instruction."); *see also Colburn*, 966 S.W.2d at 520 (jury presumed to disregard parole during deliberation when so instructed); *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (discussing instruction to disregard in the context of a motion in limine and extraneous offenses); *Waldo v. State*, 746 S.W.2d 750 (Tex. Crim. App. 1988) (jury presumed to follow instruction to disregard testimony regarding defendant's post-*Miranda* silence); *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987) (jury presumed to follow instruction after accomplice witness alluded to defendant's previous incarceration).

When we review the record as a whole and the totality of the circumstances surrounding Tipton's statement as set out above, we cannot say that his single, isolated statement presents a case of "extreme circumstances, where the prejudice is incurable." *Hawkins*, 135 S.W.3d at 77. Moreover, "[t]he trial court could have reasonably concluded that the answer was not so inflammatory as to be incurable by an instruction to disregard." *Young*, 283 S.W.3d at 878. Accordingly, we conclude that the trial court did not abuse its discretion when it denied Appellant's motion for a mistrial. *See Young*, 283 S.W.3d at 878; *see also Webb*, 232 S.W.3d at 112, 114; *Young*, 137 S.W.3d at 72. We overrule Appellant's sole issue on appeal.

6

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

August 31, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[2]

Bailey, C.J., not participating.

---

[2]Jim. R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.